## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MS. KRISTEN DAY, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>MRS. KATHLEEN SEBELIUS, et al., )<br>)<br>Defendants. ) | Civil Action No. 04-4085-RGR |

### ANSWER

COME NOW the defendants and for their Answer to the Complaint filed herein, admit, deny and aver as follows:

### FIRST DEFENSE

1.     The Complaint fails to state a claim on which relief may be granted.

### SECOND DEFENSE

#### Introduction

2.     In response to the allegations of paragraphs 1 through 4, defendants admit that plaintiffs purport to bring this action for the reasons stated, but otherwise state that the allegations of said paragraphs are irrelevant, redundant, immaterial and unnecessary, and should be stricken pursuant to Rule 12(f), Federal Rules of Civil Procedure.

#### I.  Jurisdiction and Venue

3.     In response to the allegations of paragraphs 5 and 6, defendants deny that this Court has subject matter jurisdiction over the claims asserted by the plaintiffs herein and deny the remainder.

4.     Defendants deny the allegations of paragraphs 7 and 8; defendants assert that they are, in fact, absolutely and qualifiedly immune from this suit.

5. In response to the allegations of paragraph 9, defendants admit that venue is proper in this Court.

## II.  Plaintiffs

6. Defendants lack sufficient knowledge to form an opinion or belief regarding the allegations of paragraphs 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 and 21, and therefore deny the same, holding plaintiffs to strict proof.

## III.  Defendants

7. Defendants admit the allegations of paragraphs 22, 23, 24, 24, and 26.

8. Defendants deny the allegations of paragraph 27.

9. In response to the allegations of paragraphs 28, 29 and 30, defendants admit generally the existence and application of the statutes and administrative regulations cited, but state further that said statutes and regulations speak for themselves and must be read in the context of their entirety, in the context of all of the statutes and regulations pertaining to the providing of higher education in the State of Kansas.  Defendants deny the remainder.

## V.  Factual Allegations

10. Defendants admit the allegations of paragraph 31.

11. In response to the allegations of paragraph 32, defendants admit that the statute speaks for itself.  Defendants deny the remainder.

12. Defendants admit the allegations of paragraph 33.

13. In response to the allegations of paragraph 34, defendants admit that in Spring 2004: Kansas State Universite enrolled 20,490 students, of whom 3,473 were classified as non-residents and 959 as foreign students; Emporia State University enrolled 5,856 students, of whom 655 were classified as non-residents and 144 as foreign students; and the University of Kansas enrolled 27,772

students of whom 8,796 were classified as non-residents and 1,662 as foreign students.  Defendants deny the remainder.

      14.      In response to the allegations of paragraph 35, defendants admit that for the Fall 2004 semester, tuition for twelve credit hours: at Kansas State University costs $1,921.50 for resident and $5,425.50 for nonresident undergraduate students and $2,605.50 for resident and $6,217.50 for non-resident graduate students; at Emporia State University costs $1,518 for resident undergraduate students and $1,758 for resident graduate students; and at the University of Kansas costs $1,665 for resident and $4,846.80 for nonresident undergraduate students and $2,145.60 for resident and $5,509.20 for non-resident graduate students.  Defendants deny the remainder.

## COUNT I

      15.      In response to the allegations of paragraph 36, defendants incorporate their responses to the allegations of paragraphs 1 through 35, above, as if here again fully set forth.

      16.      The allegations of paragraphs 37 through 47 constitute nothing more than legal argument requiring no response, but to the extent a response is deemed necessary, defendants deny the same.

      17.      Defendants deny the allegations of paragraphs 48 and 49.

## COUNT II

      18.      In response to the allegations of paragraph 50, defendants incorporate their responses to the allegations of paragraphs 1 through 49, above, as if here again fully set forth.

      19.      The allegations of paragraphs 51 through 60 constitute nothing more than legal argument requiring no response, but to the extent a response is deemed necessary, defendants deny the same.

      20.      Defendants deny the allegations of paragraphs 61 and 62.

## COUNT III

21. The allegations of paragraphs 63 through 66 constitute nothing more than legal argument requiring no response, but to the extent a response is deemed necessary, defendants deny the same.

## COUNT IV

22. In response to the allegations of paragraph 67, defendants incorporate their responses to the allegations of paragraphs 1 through 66, above, as if here again fully set forth.

23. The allegations of paragraphs 68 through 80 constitute nothing more than legal argument requiring no response, but to the extent a response is deemed necessary, defendants deny the same.

## COUNT V

24. In response to the allegations of paragraph 81, defendants incorporate their responses to the allegations of paragraphs 1 through 80, above, as if here again fully set forth.

25. The allegations of paragraphs 82 through 89 constitute nothing more than legal argument requiring no response, but to the extent a response is deemed necessary, defendants deny the same.

## COUNT VI

26. In response to the allegations of paragraph 90, defendants incorporate their responses to the allegations of paragraphs 1 through 89, above, as if here again fully set forth.

27. The allegations of paragraphs 91 through 95 constitute nothing more than legal argument requiring no response, but to the extent a response is deemed necessary, defendants deny the same.

## COUNT VII

28.     In response to the allegations of paragraph 96, defendants incorporate their responses to the allegations of paragraphs 1 through 95, above, as if here again fully set forth.

29.     The allegations of paragraphs 97 through 102 constitute nothing more than legal argument requiring no response, but to the extent a response is deemed necessary, defendants deny the same.

## PLAINTIFFS' PRAYER FOR DECLARATORY RELIEF

30.     In response to the allegations of paragraph 103, defendants incorporate their response to the allegations of paragraphs 1 through 102, above, as if here again fully set forth.

31.     Defendants deny the allegations of paragraphs 104 and 105

## PLAINTIFFS' PRAYER FOR INJUNCTIVE RELIEF

32.     In response to the allegations of paragraph 106, defendants incorporate their response to the allegations of paragraphs 1 through 105, above, as if here again fully set forth.

33.     Defendants deny the allegations of paragraph 107 and each and all remaining allegations and conclusions of the Complaint not herein specifically admitted.

## THIRD DEFENSE

34.     The defendants are immune from personal liability.

## FOURTH DEFENSE

35.     This Court lacks jurisdiction over the subject matter, by reason of the Eleventh Amendment to the United States Constitution.

## FIFTH DEFENSE

36.     Plaintiffs lack standing to challenge the Kansas statute in question.

## SIXTH DEFENSE

37. Plaintiffs have sued the wrong defendants, as these defendants have no responsibility for implementing the Kansas statute in question.

## SEVENTH DEFENSE

38. Plaintiffs have an adequate remedy at law, and thus are not entitled to preliminary or final injunctive relief.

## EIGHTH DEFENSE

39. Plaintiffs have failed to exhaust their administrative remedies, and thus this suit is not yet ripe for judicial determination.

WHEREFORE, having fully answered, defendants pray that plaintiffs take naught by their Complaint, that plaintiffs' request for injunctive and declaratory relief be denied, and that defendants be awarded their costs and attorneys' fees herein incurred and expended, and such other relief as the Court deems just.

Respectfully submitted,

**SPENCER FANE BRITT & BROWNE LLP**


_____s/ Michael C. Leitch_____
Michael F. Delaney         US Dist. KS  #70155
Clayton L. Barker          KS Bar #18555
Michael C. Leitch          KS Bar #19588
1000 Walnut St., Suite 1400
Kansas City, MO 64106
TEL:       (816) 474-8100
FAX:       (816) 474-3216

**OFFICE OF THE ATTORNEY GENERAL**

David Davies, Deputy Atty. Gen., KS Bar # 13011
Wm. Scott Hesse, Asst. Atty. Gen., KS Bar #12013
120 S.W. 10th Avenue
Topeka, Kansas 66612-1597
TEL:       (785) 368-8435
FAX:       (785) 296-6926
**ATTORNEYS FOR DEFENDANTS**


## **CERTIFICATE OF SERVICE**

I hereby certify the foregoing was filed electronically with the United States District Court for the District of Kansas, with notice of case activity generated and sent electronically on this 17th day of September, 2004, to:

Kris W. Kobach
9159 Kessler
Overland Park, KS 66212

ATTORNEY FOR PLAINTIFFS


_____s/ Michael C. Leitch_____
Attorney for Defendants